UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 20, 2023

MEMORANDUM TO PARTIES RE:   Marc Steven Tomey, Jr., v. Carmen Nora Tomey
Civil Action No. GLR-22-1450

Dear Parties:

Pending before the Court is self-represented Plaintiff Marc Steven Tomey, Jr. ("Marc")'s "Attempt to Clarify Facts of this Case along with Second Request to Vacate Illegal 'Void Judgement' Divorce Case," which the Court construes as a Motion to Void Judgment. (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will deny the Motion.

On June 14, 2022, Marc filed a Complaint filed against his ex-wife, Carmen Nora Tomey ("Carmen"), invoking this Court's federal question jurisdiction. (ECF No. 1). Marc paid the full filing fee. In his Complaint, Marc sought the vacatur of orders entered in the state court domestic relations proceedings between Carmen and him, alleging that certain proceedings were not recorded, he was unable to access hearings held via the internet, he was forced to attend via the telephone, and Carmen was not compelled to attend credit or marital counselling.

On June 23, 2022, this Court issued an Order dismissing Marc's Complaint for lack of subject-matter jurisdiction. (ECF No. 2). On July 18, 2022, Marc filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 3). On October 6, 2022, the Fourth Circuit dismissed the appeal for lack of prosecution. (ECF No. 7).

On August 31, 2022, while the case was on appeal, Marc filed the pending Motion to Void Judgment. (ECF No. 6). In his Motion, Marc again asks this Court to review the "errors made by [the] Miami-Dade Court" in his divorce proceedings. (2d Request Vacate Illegal Void Judgment Divorce Case Rulings ["Mot."] at 3, ECF No. 6). Marc lists various ways he alleges the family court in Miami-Dade County, Florida erred in its handling of his divorce case, including by sending him court notices through email, not rescheduling a teleconference when Marc had poor cell phone reception, and allowing Carmen's lawyer to make "hearsay statements" on the record. (Mot. at 4–7). Marc argues that he was denied due process by the state court. (Id. at 6).

Marc fails to address this Court's Order dismissing the Complaint because the Court lacks jurisdiction to "void" the state court's judgment in his divorce. Again, federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Further, 28 U.S.C. § 1331 provides that

federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction. For the Court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim, must be substantial, and not plainly frivolous. McLucas v. DeChamplain, 421 U.S. 21, 28 (1975). Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different states.

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994)).

The party seeking to avail itself of this Court's jurisdiction bears the burden of proof. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010). As to diversity jurisdiction, "Congress did not authorize [federal courts] to declare ab initio litigants' rights and duties under family relations laws." Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980). For matters concerning domestic relations, this Court retains no diversity jurisdiction. See Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006); Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982) ("[D]iversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights."). Thus, to the extent Marc intended to file a traditional civil complaint, this Court lacks jurisdiction to hear the case. Moreover, this Court cannot issue any mandamus relief against the state court that issued the challenged divorce order. See Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969); see also 28 U.S.C. § 1361. Accordingly, this Court lacks jurisdiction over Marc's claims.

As Marc again fails to make any showing that this Court has subject-matter jurisdiction over his claims, the Motion (ECF No. 6) is DENIED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

/s/
George L. Russell, III
United States District Judge